IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EVA KRISTINE STRAMASKI,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Cause No. <u>4:20-cv-156</u> |
| **TEXAS A&M ENGINEERING EXPERIMENT STATION, and MARK LAWLEY (individually),** | § § § § § | |
| Defendants. | § § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Eva Kristine Stramaski ("<u>Plaintiff</u>" and/or "Stramaski") brings this action against Defendants Texas A&M Engineering Experiment Station ("TEES" and/or "Defendant") and Mark Lawley ("Lawley" and/or "Defendant") for retaliatory discharge under the Fair Labor Standards Act of 1938 ("FLSA" or "the Act"), 29 U.S.C. §§ 201, *et seq.*, and shows as follows:

### I. NATURE OF SUIT

1. Plaintiff seeks relief due to Defendant's retaliatory discharge of her in violation of 29 USC Section 215(a)(3) after she complained verbally and in writing about Defendants' failure to timely pay her. After her complaints, Plaintiff was terminated for pretextual reasons.

### II. PARTIES

2. **<u>Plaintiff</u>** Eva Kristine Stramaski is a female citizen of the United States. Plaintiff was employed by Defendant as an Academic Advisor within the Department of Industrial and Systems Engineering at Texas A&M University, through Defendant TEES.

3. **<u>Defendant</u>** Texas A&M Engineering Experiment Station is registered and doing business in Texas but is not set up for a Franchise Tax. TEES is headquartered at 7607 Eastmark Dr.,

College Station, TX 77840, and can be served through The Texas A&M University System Assistant General Counsel – Brian Bricker – Office of General Counsel, Moore/Connally Building, 6th Floor, 301 Tarrow Street, College Station, TX 77840-7896 – b-bricker@tamus.edu.

4. **Defendant** Mark Lawley is the Department Head of Industrial and Systems Engineering and holder of the TEES Research Professorship. Defendant can be served through The Texas A&M University System Assistant General Counsel – Brian Bricker – Office of General Counsel, Moore/Connally Building, 6th Floor, 301 Tarrow Street, College Station, TX 77840-7896 – b-bricker@tamus.edu.

### III. JURISDICTION AND VENUE

5. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 United States Code, §§ 1331 and under 29 United States Code, §206 *et seq.*, this action being brought under the Fair Labor Standards Act ("FLSA"), as amended, to redress and enjoin employment practices of Defendant in violation of that Act.

6. Venue is proper in the Southern District of Texas pursuant to Title 28 U.S.C. §1391(b) and (c) and Title 29 U.S.C. § 206 *et seq.*, because the Defendant resides and is doing business in this District and the unlawful practices described herein occurred in this District.

### IV. COVERAGE

7. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff.

8. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

12. Mrs. Stramaski worked for TEES as an Academic Advisor within the Department of Industrial and Systems Engineering.

13. Prior to the events in question, Mrs. Stramaski had been out of the office for a surgical procedure.

14. On or about January 30th, 2019, Mrs. Stramaski was informed by Ms. Ninette Portales that she would not be paid "on-time" unless TEES received a *second letter* from Mrs. Stramaski's doctor, releasing her back to work.

15. Despite this in and of itself being an illegal basis to deny timely payment, Mrs. Stramaski requested that her doctor produce another letter to TEES' Human Resource Department.

16. In order to ensure timely payment, and out of an abundance of caution, Mrs. Stramaski met with Associate Director of HR Ms. Nicole Pottberg. Ms. Pottberg assured Mrs. Stramaski that she would be paid on time.

17. On or about January 31, 11:30 a.m., Mrs. Stramaski received an email from a Mr. Huff that

her January pay had been finalized, but that she would not receive payment in full until February 5th or 6th. This payment would not be made timely as promised by Ms. Pottberg.

18. On February 1, 2019 Mrs. Stramaski went to Mr. Huff's office to ask him an unrelated question, but readdressed the timing of her paycheck. Mr. Huff verified again that she would not be paid for another five or six days, confirming this again with Mrs. Michelle Mitchell. Mrs. Stramaski explained to Mr. Huff that she needed to be paid on time, as it was her legal right.

19. Mrs. Mitchell, Assistant Dean for Finance, behaved callously, expressing that it was "not her problem" that Mrs. Stramaski needed timely payment as she "wasn't responsible for [Mrs. Stramaski's] bills."

20. After receiving this news, Mrs. Stramaski went to speak directly with Mrs. Mitchell.

21. Mrs. Mitchell stated that Mrs. Stramaski was not paid on time because she had been overpaid for the month of January. This was not true.

22. After speaking with Mrs. Mitchell, and knowing her legal right to be paid timely was being violated, Mrs. Stramaski went to Human Resources. Mrs. Stramaski patiently waited in the lobby until someone was available.

23. Mrs. Stramaski ultimately spoke with Mr. Damon Slaydon. Mr. Slaydon did the right thing, ensuring Mrs. Stramaski that a check would be cut within a few hours, and that she would be paid on time. Unfortunately, this was the beginning of the end for Mrs. Stramaski, and when she started experiencing almost instant retaliation at the hands of her department head.

24. Shortly after speaking with Mr. Slaydon, Department head Dr. Mark Lawley came to her office, alleging that Mrs. Stramaski was being "aggressive" with regard to being paid on time, sending her home for the rest of the day.

25. About a week and a half later, on or about February 13, 2019, Dr. Lawley issued Mrs.

Stramaski a "coaching letter." Many of the issues presented by Dr. Lawley were subjective and or addressing allegations occurring in August/September of 2018, nearly 5 months prior. Notably, this was the first time any of these alleged issues had ever been brought to Mrs. Stramaski's attention.

26. Mrs. Stramaski sought to address these false allegations with Dr. Lawley in person. During the meeting, Dr. Lawley was unable, in large part, to provide supporting evidence for his "coaching letter." Mrs. Stramaski submitted a detailed memo on or about February 20, 2019, disputing large portions of the "coaching letter."

27. Ultimately, about two weeks later, on or about March 7, 2019, Dr. Lawley terminated Mrs. Stramaski's employment in retaliation for requesting to be paid timely.

28. Following termination, Mrs. Stramaski timely exhausted the TEES Internal Appeal Process.

29. Defendants knowingly, willfully, or with reckless disregard terminated Mrs. Stramaski's employment for making a good-faith request to be paid timely. Plaintiff would not have been terminated but for her complaints regarding Defendant's failure to issue timely pay under the FLSA.

A. **COUNT I: RETALIATION IN VIOLATION OF FLSA – 29 U.S.C. §215(a)(3)**

30. Plaintiff re-alleges and incorporates the allegations contained in the above Paragraphs as if fully stated herein.

31. Defendants terminated Plaintiff because she complained to Defendant's human resource department regarding Defendant's failure to timely pay her under the FLSA. Plaintiff's complaints fall within the meaning of 29 U.S.C. §215 (a)(3). Defendant's actions are unlawful under the FLSA, 29 U.S.C. §215(a)(3).

32. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer, actual damages in the form of lost wages (wages and bonuses) and lost employment

benefits for which she hereby sues.

33. As a further result of Defendant's actions, Plaintiff has also suffered non-pecuniary losses, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. Plaintiff is therefore entitled to compensatory damages under 29 U.S.C. § 216(b).

34. Plaintiff sues for liquidated damages under 29 U.S.C. § 216(b).

35. Defendant's actions were done with malice and/or reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages for which she hereby sues.

36. Reinstatement is not feasible.

37. Plaintiff also seeks attorney's fees, and costs of suit under 29 U.S.C. § 216(b).

## VI. JURY DEMAND

38. Plaintiff hereby seeks a trial by jury on all causes of action and defenses alleged in this matter.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff asks that Defendants be cited to appear and answer and, upon trial on the merits, that the Court award the following:

    a.    Declare that Defendant terminated Plaintiff in retaliation for filing FLSA complaint(s), in violation of Plaintiff's rights and Defendant's obligations under 29 U.S.C. §215(a)(3);

    b.    Enjoin Defendant from retaliating further against Plaintiff because of her protected conduct;

    c.    Award Plaintiff judgment against Defendant for:

        i.    Actual damages, including lost wages and benefits (both front and back

pay);

ii. Compensatory damages;

iii. Liquidated damages;

iv. Punitive and/or exemplary damages;

v. Prejudgment and post-judgment interest;

vi. Costs of suit;

vii. Attorney's fees; and

viii. Reinstatement and all other equitable relief the Court deems appropriate.

Respectfully submitted,	Date: January 16, 2019

/s/ *Adam S.Greenfield*
Adam S. Greenfield*    (Attorney-In-Charge)
Texas Bar No. 24075494
Application for admission to the Southern District is in process and Motion for Leave to Designate Attorney-in-Charge forthcoming.

**Cloutman & Greenfield, PLLC**
3301 Elm Street
Dallas, Texas 75226
214.939.9224
214.939.9229 FAX
agreenfield@candglegal.com

/s/ *Kalandra N. Wheeler*
Kalandra N. Wheeler*
Texas Bar No. 24051512
Southern Dist. Texas Bar No. 2944827

WILEY WHEELER, P.C.
1651 Richmond Avenue
Houston, Texas 77006
Telephone: (713) 337-1333
Facsimile: (713) 337-1334
kwheeler@wiley-wheeler.com

*Board Certified in Labor & Employment Law by the Texas Board of Legal Specialization*

**COUNSELS FOR PLAINTIFF**